UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**TIMOTHY JACOBS and
HEATHER KOCH**

CASE NO. _____

     Plaintiffs,

v.

**ANDREW GREENBAUM and
STEVEN MICHAEL**

     Defendants.

_____/

## COMPLAINT

Plaintiffs, Timothy Jacobs ("Jacobs") and Heather Koch ("Koch", and together with Jacobs, hereinafter, "Plaintiffs"), sue Defendants, Andrew Greenbaum ("Greenbaum") and Steven Michael ("Michael", and together with Greenbaum, hereinafter, "Defendants"), individually, and aver as follows:

## INTRODUCTION

1.    On May 5, 2021, Plaintiffs and Defendants entered into a Settlement Agreement resolving all claims, defenses, and counterclaims between the parties in Case No.: 9:20-CV-80911-RAR pending before the United States District Court, Southern District of Florida (the "Action").[1] A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit 1**. Defendants breached the Settlement Agreement by failing to make the third and final settlement payments

---

[1] On May 13, 2021, the parties filed a *Stipulation of Dismissal Without Prejudice* [DE 96] in the Action after the Court declined to retain jurisdiction to enforce the confidential Settlement Agreement which it had not seen. Notably, the confidentiality obligations under the Settlement Agreement terminated when Defendants defaulted in their payment obligations forcing Plaintiffs to commence the instant proceeding. *See* Settlement Agreement, ¶ 31.

(Jacobs - $211,500.00 and Koch - $111,500.00) to Plaintiffs by the January 29, 2022, final cure date.[2] Notably, the Settlement Agreement included a "Time is of the Essence" provision, which provided in relevant part that "[t]ime is of the essence in the Defendants' performance of their obligations under this Settlement Agreement relating to the payments they are required to make hereunder…." Under the Settlement Agreement, Defendants consented to, and Plaintiffs are entitled to "immediate and summary entry of final judgment[s] for the full amount of the indebtedness…." (Jacobs - $885,987.59 and Koch - $298,501.47, these amounts are net of the credits Defendants received per the Settlement Agreement for the payments they made) against Defendants[3], jointly and severally, because Defendants failed to timely make their third settlement payments to Jacobs and Koch in the amounts of $211,500.00 and $111,500.00, respectively, and indeed, have never made such payments.

## PARTIES

2. Plaintiff Timothy Jacobs is an individual and resident of Heath, Texas.

3. Plaintiff Heather Koch is an individual and resident of Asheville, North Carolina.

4. Defendant Andrew Greenbaum is an individual and at all times alleged in this complaint a resident of Palm Beach County, Florida.

5. Defendant Steven Michael is an individual and at all times alleged in this complaint

---

[2] Defendants defaulted under the Settlement Agreement when they failed to make the third and final installment of settlement payments by the December 15, 2021, due date. Notwithstanding, Defendants had the ability to cure the foregoing default by making the payments by January 29, 2022. *See* Settlement Agreement, ¶ 7. Defendants last settlement payments were made in September 2021.

[3] Plaintiffs are also entitled to the foregoing relief against various other related corporate defendants from the prior litigation. Those defendants were also parties to the Settlement Agreement and were also jointly and severally liable with the individual Defendants under the Settlement Agreement. Plaintiffs reserve all rights and remedies against the corporate defendants. Pursuant to the Settlement Agreement, the rights and remedies of Plaintiffs are "cumulative" and "… may be exercised from time to time, separately or concurrently." *See* Settlement Agreement, ¶ 21.

a resident of Palm Beach County, Florida.

## JURISDICTION AND VENUE

6. This is a civil action for monetary damages.

7. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because there is diversity of citizenship between the parties.

8. The amount in controversy exceeds $75,000.00.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because all Defendants are residents of the state in which the district is located and a substantial part of the events or omissions giving rise to the claims occurred in the district. In addition, Defendants expressly agreed in the Settlement Agreement that Plaintiffs shall be entitled to enforce the Settlement Agreement and obtain Consent Judgments in any state or federal court of competent jurisdiction in Palm Beach County, Florida.

10. Plaintiffs retained the law firm of Kelley Kronenberg in connection with the filing of this action and have agreed to pay counsel a reasonable fee for its service. Pursuant to the Settlement Agreement, Plaintiffs are entitled to recover from Defendants, jointly and severally, their reasonable attorneys' fees and costs in connection with the enforcement and/or any litigation arising from or related to the Settlement Agreement, which includes all fees incurred in connection with Defendants' default under the Settlement Agreement and the filing and prosecution of this action.

11. All conditions precedent for bringing this action have been fully performed, waived, or excused.

## **FACTUAL ALLEGATIONS**

12. On June 5, 2020, Plaintiffs filed their Complaint against Defendants[4] commencing the Action.

13. The Complaint included claims seeking repayment from Defendants on two promissory notes and two unconditional, personal guarantees.

14. Before trial, the parties settled all claims, defenses, and counterclaims that were asserted or could have been asserted in the Action at a March 15, 2021, court-ordered mediation conducted by Retired Judge Jeffrey Streitfeld, and the terms thereof were memorialized in the Settlement Agreement.

15. Pursuant to the Settlement Agreement, Defendants acknowledged and agreed to the following pertinent terms:

   a. The promissory notes and guarantees are valid and fully enforceable, and are not subject to defense, setoff, reduction, diminution, subordination, claim, or counterclaim of any kind or nature whatsoever, and any such defense, setoff, reduction, diminution, subordination, claim, and counterclaim are irrevocably and unconditionally waived and released.

   b. That Defendants unconditionally and absolutely owe, free of defense, setoff, reduction, diminution, subordination, claim, or counterclaim of any kind or nature whatsoever, and are jointly and severally liable for the full amount of indebtedness to Plaintiff Jacobs in the amount of $1,297,487.59, with per diem interest of $321.92 for each day thereafter until the Jacobs promissory note is paid in full (the "Indebtedness to Jacobs").

   c. That Defendants unconditionally and absolutely owe, free of defense, setoff, reduction, diminution, subordination, claim, or counterclaim of any kind or nature whatsoever, and are jointly and severally liable for the full amount of indebtedness to Plaintiff Koch in the amount of $510,001.47, with per diem interest of $155.34 for each day thereafter until the Koch promissory note is paid in full (the "Indebtedness to Koch").

   d. Subject to Defendants' strict compliance with the "Jacobs Discount Conditions", the Indebtedness to Jacobs would be discounted to $623,000.00 ("Jacobs Discount

---

[4] The related corporate obligors were also defendants in the Action. Though they have not been included in this case, Plaintiffs reserve all rights and remedies against them. *See* footnote 3 above.

4

Amount") to be paid into the Kelley Kronenberg trust account for the benefit of Jacobs, as follows: (i) $200,000.00 on or before May 15, 2021, with the ability to cure any default in making timely payment, by making the required payment on or before May 30, 2021, (ii) $211,500.00 on or before August 15, 2021, with the ability to cure any default in making timely payment, by making the required payment on or before September 29, 2021, and (iii) $211,500.00 on or before December 15, 2021, with the ability to cure any default in making timely payment, by making the required payment on or before January 29, 2022.

e.  The "Jacobs Discount Conditions" included "Defendants' timely payment of the Jacobs Discount Amount in strict accordance with the Settlement Agreement." Absent compliance with the foregoing condition, Defendants would not be entitled to have the Indebtedness to Jacobs discounted to $623,000.00, as set forth above, and instead would continue to be liable for the full amount due and owing to Jacobs (referred to as the Indebtedness to Jacobs), less any payments made to Jacobs pursuant to the Settlement Agreement.

f.  Subject to Defendants' strict compliance with the "Koch Discount Conditions", the Indebtedness to Koch would be discounted to $323,000.00 ("Koch Discount Amount") to be paid into the Kelley Kronenberg trust account for the benefit of Koch, as follows: (i) $100,000.00 on or before May 15, 2021, with the ability to cure any default in making timely payment, by making the required payment on or before May 30, 2021, (ii) $111,500.00 on or before August 15, 2021, with the ability to cure any default in making timely payment, by making the required payment on or before September 29, 2021, and (iii) $111,500.00 on or before December 15, 2021, with the ability to cure any default in making timely payment, by making the required payment on or before January 29, 2022.

g.  The "Koch Discount Conditions" included "Defendants' timely payment of the Koch Discount Amount in strict accordance with the Settlement Agreement." Absent compliance with the foregoing condition, Defendants would not be entitled to have the Indebtedness to Koch discounted to $323,000.00, as set forth above, and instead would continue to be liable for the full amount due and owing to Koch (referred to as the Indebtedness to Koch), less any payments made to Koch pursuant to the Settlement Agreement.

h.  In the event Defendants failed to timely and strictly perform the Jacobs Discount Conditions, which included timely payment in strict accordance with the payment schedule set forth above, Jacobs would be entitled to, and Defendants consented to, immediate and summary entry of final judgment for the full amount of indebtedness owed to Jacobs (referred to as the Indebtedness to Jacobs) plus any other amounts due and becoming due to Jacobs pursuant to the Settlement Agreement, less any amounts Jacobs received pursuant to the Settlement Agreement.

i.  In the event Defendants failed to timely and strictly perform the Koch Discount Conditions, which included timely payment in strict accordance with the payment

      schedule set forth above, Koch would be entitled to, and Defendants consented to, immediate and summary entry of final judgment for the full amount of indebtedness owed to Koch (referred to as the Indebtedness to Koch) plus any other amounts due and becoming due to Koch pursuant to the Settlement Agreement, less any amounts Koch received pursuant to the Settlement Agreement.

    j.    Defendants are jointly and severally liable to Jacobs and Koch for all amounts due and coming due under the Settlement Agreement.

    k.    Time is of the essence in Defendants' performance of their obligations under the Settlement Agreement relating to the payments they are required to make thereunder and their other obligations thereunder.

16. Defendants partially performed under the Settlement Agreement by making the first and second payments due to Jacobs and Koch to the Kelley Kronenberg trust account for the benefit of Jacobs and Koch, respectively.

17. Defendants did not make the third and final payments in the amount of $211,500.00 for the benefit of Jacobs and $111,500.00 for the benefit of Koch by the December 15, 2021 due date, or by the January 29, 2022 final cure date.

18. Defendants have also not made any payments for the benefit of Jacobs or Koch after January 29, 2022.

19. Pursuant to the Settlement Agreement, and as explicitly agreed to by Defendants thereunder, Plaintiffs are each entitled to immediate Consent Judgments against Defendants, jointly and severally, in the following amounts: $885,987.59 for Jacobs and $298,501.47 for Koch.

### COUNT I - JACOBS
### BREACH OF CONTRACT – AGAINST ALL DEFENDANTS

20. Plaintiff Jacobs incorporates by reference paragraphs 1 through 19, inclusive, against all Defendants and makes them a part of this cause of action, as though fully set forth herein.

21. Plaintiff Jacobs fully performed any conditions, covenants, and promises he was

6

required to perform under the Settlement Agreement.

22. Defendants failed to timely make all payments required under the Settlement Agreement to Plaintiff Jacobs.

23. Defendants breached the Settlement Agreement by failing to make timely payments and by failing to pay all outstanding amounts when due.

24. Plaintiff Jacobs has been damaged as a result of Defendants' breach of the Settlement Agreement.

25. Plaintiff Jacobs is entitled to recover his reasonable attorneys' fees as well as his costs in connection with the enforcement and/or any litigation arising from or related to the Settlement Agreement, which includes all fees and costs incurred in connection with Defendants' default under the Settlement Agreement and the filing and prosecution of this action.

26. Plaintiff Jacobs is also entitled to prejudgment interest from and after January 30, 2022, after Defendants defaulted under the Settlement Agreement.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as required, and agreed to by Defendants, under the Settlement Agreement, Plaintiff Jacobs demands immediate and summary final judgment against Defendants, jointly and severally, as follows:

a) $885,987.595, plus prejudgment interest from and after January 30, 2022;

b) Defendants be ordered to pay post-judgment interest, as provided by law;

c) Defendants be ordered to pay Plaintiff Jacobs' reasonable attorney's fees and costs, incurred in connection with Defendants' defaults under the Settlement Agreement, and Plaintiff Jacobs' enforcement of the Settlement Agreement, as provided under the Settlement Agreement;

---

[5] $1,297,487.59 - $200,000.00 - $211,500.00 = $885,987.59.

    d)    Defendants be ordered to pay the costs of suit; and

    e)    Such other and further relief be ordered as this Court should find just and proper.

## COUNT II - KOCH
## BREACH OF CONTRACT - AGAINST ALL DEFENDANTS

27.    Plaintiff Koch incorporates by reference paragraphs 1 through 19, inclusive, against all Defendants and makes them a part of this cause of action, as though fully set forth herein.

28.    Plaintiff Koch fully performed any conditions, covenants, and promises she was required to perform under the Settlement Agreement.

29.    Defendants failed to timely make all payments required under the Settlement Agreement to Plaintiff Koch.

30.    Defendants breached the Settlement Agreement by failing to make timely payments and by failing to pay all outstanding amounts when due.

31.    Plaintiff Koch has been damaged as a result of Defendants' breach of the Settlement Agreement.

32.    Plaintiff Koch is entitled to recover her reasonable attorneys' fees as well as her costs in connection with the enforcement and/or any litigation arising from or related to the Settlement Agreement, which includes all fees and costs incurred in connection with Defendants' default under the Settlement Agreement and the filing and prosecution of this action.

33.    Plaintiff Koch is also entitled to prejudgment interest from and after January 30, 2022, after Defendants defaulted under the Settlement Agreement.

## PRAYER FOR RELIEF

**WHEREFORE**, as required, and agreed to by Defendants, under the Settlement Agreement, Plaintiff Koch demands immediate and summary final judgment against Defendants, jointly and severally, as follows:

a) $298,501.47[6], plus prejudgment interest from and after January 30, 2022;

b) Defendants be ordered to pay post-judgment interest, as provided by law;

c) Defendants be ordered to pay Plaintiff Koch's reasonable attorney's fees and costs, incurred in connection with Defendants' defaults under the Settlement Agreement, and Plaintiff Koch's enforcement of the Settlement Agreement, as provided under the Settlement Agreement;

d) Defendants be ordered to pay the costs of suit; and

e) Such other and further relief be ordered as this Court should find just and proper.

Dated: February 4, 2022

Respectfully submitted,

**KELLEY KRONENBERG, P.A.**
*Attorneys for Plaintiffs*
10360 W. State Road 84
Ft. Lauderdale, FL 33324
Telephone: 954-370-9970
*jsilver@kelleykronenberg.com*
*akamensky@kelleykronenberg.com*

By: */s/ James D. Silver*
James D. Silver FBN: 373702
Andrew Kamensky FBN: 127574

---

[6] $510,001.47 - $100,000.00 - $111,500.00 = $298,501.47.